IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDA D. SWINNEY                                                                        PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:18-CV-40-SA-DAS

MATTHEW NEAL, and
THE UNITED STATES OF AMERICA                                                         DEFENDANTS

ORDER

Linda Swinney originally filed her Complaint [2] in the Justice Court of Prentiss County, Mississippi. Swinney's Complaint names Matthew Neal and Rural Development c/o Hattie Sweargen as Defendants. The Government, on behalf of Rural Development, removed the case to this Court. *See* Notice [1].

The United States was substituted for Rural Development and subsequently moved to dismiss the Plaintiffs claims against it. *See* Order [7], Motion [12]. The *pro se* Plaintiff failed to respond to the Government's request for dismissal. Almost three months after the Government requested dismissal, an attorney filed a notice of appearance on the Plaintiffs behalf, and requested leave to file an out of time response to the Government's pending Motion to Dismiss [12]. The Court granted the Plaintiff's request for additional time, and the Plaintiff again failed to file any response. *See* Order [15]. Subsequently, after the response deadlines expired, the Plaintiff filed a separate Motion to Dismiss [16] conceding that she has failed to plead a federal claim.

Now before the Court is the United States' Motion to Dismiss [7]. The United States argues that the Plaintiff's claims against it should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failing to state a claim.

*Standard of Review*

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues.

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F. 2d 507, 511 (5th Cir. 1980) (citations omitted)). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

*Analysis and Discussion*

The United States argues that the Plaintiff failed to exhaust her administrative remedies, a jurisdictional prerequisite to filing suit under the Federal Tort Claims Act, specifically 28 U.S.C. §2675(a). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement the district court was

without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (citing *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)).

The Plaintiff's complaint is wholly devoid of any reference to pursuit of an administrative remedy, notice to the United States of her claim, and factual allegations against the United States. As noted above the Plaintiff both concedes this argument, and fails to carry her burden of establishing subject matter jurisdiction. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012); *Jackson as Next Friend of Martin v. Town of Tutwiler, Mississippi*, No. 3:17-CV-181, 2018 WL 6033596, at *2 (N.D. Miss. Nov. 16, 2018). Because this Court does not have subject matter jurisdiction over the Plaintiff's federal claim, her case against the United States is dismissed without prejudice.

*Supplemental Jurisdiction*

With no federal claims surviving the Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The Court notes that no discovery has been conducted in this case, it is still at a relatively early stage, and as noted above, there are no factual allegations in the Plaintiff's Complaint implicating the United States. Thus, having dismissed all federal claims, the Court declines to extend supplemental jurisdiction to hear the Plaintiff's remaining state law claims and her case against individual, non-diverse, Defendant Neal is remanded to the Justice Court of Prentiss County, Mississippi.

*Conclusion*

For all of the reasons fully explained above, the Plaintiff's claims against the United States, and Rural Development, are DISMISSED without prejudice, and the United States is DISMISSED

from this action. All remaining claims are REMANDED to the Justice Court of Prentiss County, Mississippi. The Clerk of Court shall take all steps necessary to perfect the remand.

It is SO ORDERED, on this the 11th day of January, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE